UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NABIL ABDULGHANI,

                Plaintiff,

-against-

UNITED STATES MEDICAL LICENSING EXAMINATION; FEDERATION OF STATE MEDICAL BOARDS; NATIONAL BOARD OF MEDICAL EXAMINERS,

                Defendants.

25-CV-5730 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Nabil Abdulghani, who resides in Brooklyn, Kings County, New York, brings this *pro se* action under 42 U.S.C. 1983, alleging that Defendants violated his federally protected rights. Named as Defendants are the United States Medical Licensing Examination ("USMLE"); the Federation of State Medical Boards ("FSMB"); and the National Board of Medical Examiners ("NBME"). Plaintiff alleges that "the USMLE is a collaborative program of FSMB and NBME involved in assessing physician licensure eligibility," and that Defendants have violated his right to a "fair opportunity to complete the licensure process." (ECF 1 at 2, 3.) Plaintiff provides addresses for USMLE and FSMB in Philadelphia, Pennsylvania and Euless, Texas, respectively. According to Plaintiff, venue is proper in this District under 28 U.S.C. § 1391(b) because he "resides in Kings County, New York, and the events giving rise to the claim have effects within this judicial district." (*Id.*)

    For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff provides addresses for Defendants in Texas and Pennsylvania, and claims that venue is proper in this district because he "resides in Kings County, New York, and the events giving rise to the claim have effects within this judicial district." (*Id.* at 2.) Kings County falls within the Eastern District of New York, however, and not in this district. 28 U.S.C. § 112(c). Plaintiff does not allege that any defendant resides in this district, or that a substantial part of the events or omissions giving rise to his claim occurred here. From the face of the complaint, therefore, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The complaint suggests that Plaintiff's claims may have arisen in Kings County, which is in the Eastern District of New York.[2] Accordingly,

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] The Court takes no position on whether Plaintiff's complaint establishes that Defendants are subject to personal jurisdiction in the Eastern District of New York under Section 1391.

venue appears to lie in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 29, 2025
             New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3